

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,876-01 & WR-84,876-02

### EX PARTE CASEY NATHANAEL WESTER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 83018 & 83266
### IN THE CRIMINAL DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of burglary of a habitation and sentenced to eighteen years' imprisonment in each case. His appeals were dismissed for lack of jurisdiction. *Wester v. State*, Nos. 09-04-00467-CR & 09-04-00468-CR (Tex. App.—Beaumont Dec. 15, 2004) (not designated for publication).

Applicant contends, among other things, that the cumulation orders in these cases are improper because they were based on offenses that were part of the same criminal episode.[1] Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. In this case, the trial court made findings of fact, but they do not address the validity of the cumulation orders.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law in regard to Applicant's claim the cumulation orders in these cases are unauthorized by statute. The trial court shall make specific supplemental findings detailing whether the sentences are for offenses arising from the same criminal episode. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

---

[1] The sentence in cause number 83018 was ordered to run consecutive to the sentence in cause number 82987. Applicant does not challenge the conviction or sentence in cause number 82987. The sentence in cause number 83266 was ordered to run consecutive to the sentence in cause number 83018.

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: May 4, 2016
Do not publish